TOLEDO BAR ASSOCIATION *v.* SAVAGE.

[Cite as *Toledo Bar Assn. v. Savage* (1995), 74 Ohio St.3d 183.]

(No. 94–2664—Submitted September 13, 1995—Decided December 20, 1995.)

184

*Thomas J. Szperski,* for relator.

*Barry E. Savage, pro se.*

---

*Per Curiam.* Upon review of the record, we agree with the board's findings of misconduct and its recommendation. We therefore also reject the arguments raised in respondent's objections—(1) that his unauthorized communication with Mrs. Cooper was ethical because her signature was not required to execute the transfer of the liquor license, and (2) that his unauthorized request for information from a represented party was permissible because the opposing counsel had not identified his address in writing.

Apparently, respondent contends that Mrs. Cooper was not represented in the liquor license transfer by the Coopers' general counsel and, therefore, respondent could not have communicated with her about "the subject of [her] representation" in that matter. DR 7–104(A)(1). The subject of the representation at issue, however, was the sale of the gas station, including the agreement to transfer the liquor license, and the Coopers' general counsel plainly represented Mrs. Cooper's interests, as well as those of her husband, in the entire transaction. Moreover, another "subject of the representation" about which respondent had no authority to communicate with Mrs. Cooper was the Coopers' credit with the bank respondent represented. Respondent nevertheless surprised Mrs. Cooper at her home, which generated their discussion about the possibility of the bank's foreclosure. Either way, respondent's communications with Mrs. Cooper violated DR 7–104(A)(1).

Furthermore, an attorney is not relieved of the duty to communicate only with the attorney of a represented party by the opposing counsel's failure to confirm the representation in writing. DR 7–104(A)(1) forbids such communication upon the attorney's knowledge of the party's representative, and respondent admits having had that knowledge here.

We, therefore, publicly reprimand respondent for having committed these two violations of DR 7–104(A)(1). Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.