[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 183.]

TOLEDO BAR ASSOCIATION *v.* SAVAGE.

[Cite as *Toledo Bar Assn. v. Savage*, 1995-Ohio-60.]

*Attorneys at law—Misconduct—Public reprimand—Unauthorized communication with a represented party concerning the subject of the representation.*

(No. 94-2664—Submitted September 13, 1995—Decided December 20, 1995.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 94-17.

_____

{¶ 1} In an amended complaint filed on April 4, 1994, relator, Toledo Bar Association, charged respondent, Barry E. Savage of Mount Pleasant, South Carolina, Attorney Registration No. 0025481, with two counts of professional misconduct, each alleging a violation of DR 7-104(A)(1) (unauthorized communication with a represented party concerning the subject of the representation). A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") heard the matter on October 17, 1994.

{¶ 2} With respect to the first count, the evidence established that respondent communicated with Beverly Cooper on January 26, 1993 in an attempt to find her husband, Kenneth M. Cooper, and obtain Mr. Cooper's signature on documentation to transfer a liquor license bought by respondent's client in a larger transaction for the client's purchase of a gas station. The Coopers were represented by their general counsel in the negotiations to purchase the gas station, as well as in certain credit-related concerns involving a bank, which respondent also represented. The Coopers' attorney had authorized respondent to discuss directly with Mr. Cooper some matters in which the bank had an interest, but he had not

authorized respondent to contact Mr Cooper about the liquor license transfer, and he never authorized respondent to speak with Mrs. Cooper in his absence.

{¶ 3} In fact, the Coopers' attorney had specficially advised respondent on January 26, 1993 that Mr. Cooper, who was actually in the hospital at the time, would not be available to sign the liquor license transfer papers for seven to ten days. Nevertheless, respondent later drove with his client from Toledo, Ohio, to the Coopers' home in Birmingham, Michigan. At approximately 9:30 p.m., respondent and his client visited Mrs. Cooper, who explained that her husband was not at home. Mrs. Cooper knew respondent and his client, but their visit surprised her. She initially asked respondent, referring to his capacity as counsel for the bank, whether he had come to "take [her] house," to which respondent replied that he had not. Mrs. Cooper spoke with respondent and his client for about forty-five minutes, during which respondent apparently inquired repeatedly about Mr. Cooper's whereabouts, but mostly engaged in small talk, and did not discuss legal matters. Respondent defended his actions on the ground that Mrs. Cooper's signature was not required for the transfer of the liquor permit, and he did not speak to Mr. Cooper.

{¶ 4} With respect to the second count, the evidence established that respondent attempted to elicit information from the client of another attorney after the attorney had advised respondent of his representative status. On August 20, 1993, respondent sent a letter directly to the represented party seeking to aid his client in establishing a claimed mechanic's lien. Respondent defended his actions on the ground that he had only spoken with his opposing counsel once on the telephone, the other attorney had failed to send a purportedly promised letter confirming his representation and address, and respondent had not kept the other attorney's telephone number.

{¶ 5} The panel found a violation of DR 7-104(A)(1) on both counts. It observed, however, that neither of respondent's unauthorized communications had

prejudiced the clients represented by the other attorneys. After considering this and the favorable character references offered by several of respondent's colleagues, the panel recommended that respondent receive a public reprimand for his misconduct. The board adopted the panel's report, including its findings of fact, conclusions of law and recommendation.

———————————

*Thomas J. Szyperski*, for relator.

*Barry E. Savage, pro se.*

———————————

***Per Curiam.***

{¶ 6} Upon review of the record, we agree with the board's findings of misconduct and its recommendation. We therefore also reject the arguments raised in respondent's objections—(1) that his unauthorized communication with Mrs. Cooper was ethical because her signature was not required to execute the transfer of the liquor license, and (2) that his unauthorized request for information from a represented party was permissible because the opposing counsel had not identified his address in writing.

{¶ 7} Apparently, respondent contends that Mrs. Cooper was not represented in the liquor license transfer by the Coopers' general counsel and, therefore, respondent could not have communicated with her about "the subject of [her] representation" in that matter. DR 7-104(A)(1). The subject of the representation at issue, however, was the sale of the gas station, including the agreement to transfer the liquor license, and the Coopers' general counsel plainly represented Mrs. Cooper's interests, as well as those of her husband, in the entire transaction. Moreover, another "subject of the representation" about which respondent had no authority to communicate with Mrs. Cooper was the Coopers' credit with the bank respondent represented. Respondent nevertheless surprised Mrs. Cooper at her home, which generated their discussion about the possibility of

the bank's foreclosure. Either way, respondent's communications with Mrs. Cooper violated DR 7-104(A)(1).

**{¶ 8}** Furthermore, an attorney is not relieved of the duty to communicate only with the attorney of a represented party by the opposing counsel's failure to confirm the representation in writing. DR 7-104(A)(1) forbids such communication upon the attorney's knowledge of the party's representative, and respondent admits having had that knowledge here.

**{¶ 9}** We, therefore, publicly reprimand respondent for having committed these two violations of DR 7-104(A)(1). Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

_____