[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 73.]

TRUMBULL COUNTY BAR ASSOCIATION *v*. MAKRIDIS.

**[Cite as Trumbull Cty. Bar Assn. v. Makridis, 1996-Ohio-351.]**

*Attorneys at law—Misconduct—Public reprimand—Directly communicating with an adverse party.*

(No. 96-1428—Submitted September 10, 1996—Decided November 6, 1996.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 95-78.

_____

**{¶ 1}** On October 10, 1995, the Trumbull County Bar Association ("relator") filed a complaint charging Irene Makridis of Warren, Ohio, Attorney Registration No. 0016760 ("respondent"), with violating DR 7-104(A)(1)(directly communicating with an adverse party).

**{¶ 2}** Respondent filed an answer and on March 7, 1996 relator and respondent filed an agreed stipulation of facts. Based on the complaint, answer and stipulation, a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") found that in October 1993 the respondent had filed a personal injury action on behalf of Jeffrey Egbert to recover damages for personal injury from Jacki L. Hicks. On August 15, 1994, three days before the date of trial, Egbert, in respondent's presence and at her suggestion, made a telephone call to Hicks to inform Hicks of his anticipated testimony at the trial. During the telephone call, Egbert handed the telephone to respondent, who, forgetting that Hicks was represented by counsel, began to discuss Egbert's anticipated testimony with her. Realizing that her conduct was prohibited by the Code of Professional Responsibility, respondent withdrew as counsel for Egbert. Respondent stipulated that she had violated DR 7-104(A)(1). The panel recommended that respondent be publicly reprimanded.

**{¶ 3}** The board adopted the findings of fact, conclusions of law, and penalty recommended by the panel.

————————————

*David G. Lake* and *Anthony G. Rossi III,* for relator.

*Robert L. York,* for respondent.

————————————

***Per Curiam.***

**{¶ 4}** We adopt the findings and conclusions of the board, and we hereby publicly reprimand the respondent. Costs taxed to the respondent.

*Judgment accordingly.*

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and STRATTON, JJ., concur.

MOYER, C.J., and COOK, J., dissent.

————————————

**COOK, J., dissenting.**

**{¶ 5}** I would impose the sanction agreed to by respondent and relator -- a suspension from the practice of law for one year with the suspension stayed on the condition that respondent satisfactorily complete a two-year monitored probation period.

MOYER, C.J., concurs in the foregoing dissenting opinion.

————————————