CLEVELAND BAR ASSOCIATION *v.* ROSSI.

[Cite as *Cleveland Bar Assn. v. Rossi* (1998), 81 Ohio St.3d 195.]

(No. 97–1309—Submitted December 10, 1997—Decided March 11, 1998.)

*Keith R. Krauss* and *Steven S. Kaufman,* for relator.

*Mario C. Ciano* and *Thomas R. Wolf,* for respondent.

**Per Curiam.** We adopt the findings of fact and the conclusions of the board. However, we believe that the facts of this case warrant the sanction of a public reprimand. Respondent is so reprimanded. Costs taxed to respondent.

*Judgment accordingly.*

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., and COOK, J., dissent.

COOK, J., dissenting. I respectfully dissent from the majority's decision to reduce the sanction recommended by the board. Respondent called another lawyer's client, the sort of ethical violation that undermines the function of a "counselor at law." EC 7–18 recognizes that "[t]he legal system in its broadest sense functions best when persons in need of legal advice or assistance are represented by their own counsel." Respondent's testimony about his difficulty in contacting Dominic DelBalso (Mary Tilenni's attorney) could, at most, justify his calling Tilenni to verify that she was represented and to ask that she have her attorney contact respondent. No amount of difficulty in contacting counsel or perceived malfeasance on the part of Tilenni justifies respondent's engaging her in a discussion of the handling of the estate. Because this is an offense for which there can be no excuses, I would impose the harsher sanction as recommended by the board.

MOYER, C.J., concurs in the foregoing dissenting opinion.