[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 195.]

CLEVELAND BAR ASSOCIATION *v*. ROSSI.

[Cite as *Cleveland Bar Assn. v. Rossi*, 1998-Ohio-634.]

*Attorneys at law—Misconduct—Public reprimand—Communicating on the subject of his representation with a party known to be represented by a lawyer.*

(No. 97-1309—Submitted December 10, 1997—Decided March 11, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-22.

_____

{¶ 1} In early December 1991, Russell Milicia retained respondent, David Rossi of Cleveland, Ohio, Attorney Registration No. 0040282, to determine whether his interests were being fairly treated by his half sister, Mary Tilenni, as executor of the estate of their mother, Katherine Turcoliveri. The only asset listed in Telenni's inventory was the decedent's residence in South Euclid, Ohio, valued at $105,000. An attorney familiar with decedent's assets told respondent that not only was the residence undervalued in the inventory, but also that bank accounts and other personal property were not listed.

{¶ 2} Respondent's several attempts to contact Dominic DelBalso, attorney for the executor, were unsuccessful because DelBalso had apparently moved his office and his telephone had been disconnected. Facing a statutory deadline of thirty days to object to the inventory and with the holiday season approaching, respondent telephoned Tilenni to talk about her inventory. The length, substance, and relative acrimony of the telephone conversation between respondent and Tilenni are disputed. On December 30, 1991, respondent filed a complaint on behalf of Milicia alleging that Tilenni concealed assets, and later on February 18, 1992, an amended complaint seeking to remove Tilenni as executor and to enjoin

the bank at which Tilenni was an officer from disbursing funds of the estate. In the meantime, on January 23, 1992, Tilenni filed a report of newly discovered assets consisting of a retirement account at the bank where she was an officer in the amount of $3,324.35 and a John Hancock bond fund in the amount of $2,639.30.

{¶ 3} At a pretrial conference, Milicia settled with the estate, receiving $36,750 and releasing all his claims. On July 20, 1992, Tilenni as executor amended her report of newly discovered assets to show that the bank account was not $3,324.35 as previously reported, but $18,331.75. On that same date, Tilenni filed her fiduciary account showing $160,011.60 in disbursements from the estate. Tilenni then filed a grievance against respondent with the relator, Cleveland Bar Association.

{¶ 4} On February 5, 1996, relator filed a complaint charging respondent with several disciplinary violations. After respondent filed his answer, the matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") on May 7, 1997. The panel concluded that respondent had violated DR 7-104(A)(1) (a lawyer shall not communicate on the subject of his representation with a party he knows to be represented by a lawyer unless he has the prior consent of that lawyer) and recommended that he be given a public reprimand. The board adopted the findings and conclusions of the panel, but recommended that respondent be suspended for six months with the entire suspension stayed.

—————————————

*Keith R. Krauss* and *Steven S. Kaufman,* for relator.

*Mario C. Ciano* and *Thomas R. Wolf*, for respondent.

—————————————

2

*Per Curiam*.

{¶ 5} We adopt the findings of fact and the conclusions of the board. However, we believe that the facts of this case warrant the sanction of a public reprimand. Respondent is so reprimanded. Costs taxed to respondent.

*Judgment accordingly*.

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., and COOK, J., dissent.

————————————

**COOK, J., dissenting.**

{¶ 6} I respectfully dissent from the majority's decision to reduce the sanction recommended by the board. Respondent called another lawyer's client, the sort of ethical violation that undermines the function of a "counselor at law." EC 7-18 recognizes that "[t]he legal system in its broadest sense functions best when persons in need of legal advice or assistance are represented by their own counsel." Respondent's testimony about his difficulty in contacting Dominic DelBalso (Mary Tilenni's attorney) could, at most, justify his calling Tilenni to verify that she was represented and to ask that she have her attorney contact respondent. No amount of difficulty in contacting counsel or perceived malfeasance on the part of Tilenni justifies respondent's engaging her in a discussion of the handling of the estate. Because this is an offense for which there can be no excuse, I would impose the harsher sanction as recommend by the board.

Moyer, J., concurs with the foregoing dissenting opinion.

————————————