[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 27.]

TOLEDO BAR ASSOCIATION *v.* MANSOUR-ISMAIL.

[Cite as *Toledo Bar Assn. v. Mansour-Ismail*, 1999-Ohio-78.]

*Attorneys at law—Misconduct—Public reprimand—Communicating directly with adverse parties represented by counsel about the subject of the representation without their counsel's consent.*

(No. 99-380—Submitted April 14, 1999—Decided June 16, 1999.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 97-16.

_____

{¶ 1} On February 18, 1997, relator, Toledo Bar Association, filed a complaint charging respondent, Linda Mansour-Ismail of Toledo, Ohio, Attorney Registration No. 0033929, with violating a Disciplinary Rule. After respondent answered, the matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} Based on the stipulations, exhibits, and testimony, the panel found that Leslie and Darla Vanderhorst leased a home in Toledo from respondent's father, Dr. N.A. Mansour. In April 1996, respondent, on behalf of her father, filed a complaint in the Toledo Municipal Court against the Vanderhorsts, setting forth claims for forcible entry and detainer due to nonpayment of rent, and for past-due rent and other money damages. Respondent subsequently filed an amended complaint containing the same claims. The Vanderhorsts were represented in the case by an attorney from the Toledo Legal Aid Society. In May 1996, the claim for forcible entry and detainer was dismissed, and trial on the remaining claim for back rent and damages was continued for further proceedings.

{¶ 3} In June 1996, respondent filed a new complaint in municipal court for forcible entry and detainer, past-due rent, and other money damages, on behalf of

her father and against the Vanderhorsts. The claims in the new complaint were virtually identical to the claims in the previously continued case, and on the municipal court's designation form, respondent referred to the new complaint as a refiling rather than a new case.

{¶ 4} On June 24, 1996, Mr. Vanderhorst spoke to an attorney from the Toledo Legal Aid Society about him and his wife settling the cases themselves by meeting directly with Dr. Mansour. Despite the attorney's advice against it, the Vanderhorsts met with Dr. Mansour. Upon being called thereafter by her father, respondent met with the parties and they reached a settlement. Respondent drafted a written settlement agreement, which was presented to the municipal court. Respondent did not contact the Toledo Legal Aid Society for the meeting, instead claiming to rely on her father and the Vanderhorsts' representation that the Vanderhorsts were no longer represented by counsel. However, according to the Vanderhorsts, they never advised respondent or Dr. Mansour that they were not represented by counsel on the claims being settled.

{¶ 5} The panel further found that respondent knew that the settlement agreement she drafted was intended to resolve the damages issues in the previously continued case in which the Vanderhorsts were represented by the Toledo Legal Aid Society, as well as in the new case. Nevertheless, respondent never received permission from the Toledo Legal Aid Society to talk directly to the Vanderhorsts regarding Dr. Mansour's claims. The panel determined that because the claims in the two cases were virtually identical and the payments tendered to Dr. Mansour by the Vanderhorsts were intended to settle the damage issues in both cases, respondent knew, or reasonably should have known, that the Vanderhorsts were still represented by the Toledo Legal Aid Society when she met with them.

{¶ 6} The panel concluded that respondent's conduct in meeting directly with the Vanderhorsts when she knew or should have known that they were represented by counsel violated DR 7-104(A)(1) (communicating on the subject of

2

representation with a party known to be represented). The panel recommended that respondent be publicly reprimanded. The board adopted the findings, conclusions, and recommendation of the panel.

————————————

*David M. Mohr* and *Guy T. Barone*, for relator.

*James D. Caruso*, for respondent.

————————————

***Per Curiam.***

**{¶ 7}** We adopt the findings, conclusions, and recommendation of the board. Respondent violated DR 7-104(A)(1) by communicating directly with adverse parties represented by counsel about the subject of the representation without their counsel's consent. As in comparable cases involving a violation of DR 7-104(A)(1), a public reprimand is an appropriate sanction. See *Cleveland Bar Assn. v. Rossi* (1998), 81 Ohio St.3d 195, 690 N.E.2d 501; *Trumbull Cty. Bar Assn. v. Makridis* (1996), 77 Ohio St.3d 73, 671 N.E.2d 31; *Toledo Bar Assn. v. Savage* (1995), 74 Ohio St.3d 183, 657 N.E.2d 507. Accordingly, respondent is hereby publicly reprimanded. Costs taxed to respondent.

*Judgment affirmed.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., not participating.

————————————